[Cite as *State v. Pollard*, 2026-Ohio-2469.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 1-25-68

v.

DANA P. POLLARD,

    OPINION AND
    JUDGMENT ENTRY

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2025 0186

Judgment Affirmed

Date of Decision:  June 29, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Dana P. Pollard ("Pollard"), appeals the October 23, 2025 judgment entry of sentencing of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 17, 2025, the Allen County Grand Jury indicted Pollard on Count One of domestic violence in violation of R.C. 2919.25(A), (D)(4), a third-degree felony; and Count Two of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(e), a first-degree felony. On July 24, 2025, Pollard waived his right to arraignment and entered written pleas of not guilty.

{¶3} On September 2, 2025, Pollard waived his right to indictment and was charged by information on Count One of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony. On that same day, Pollard withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Count One (domestic violence) of the indictment and Count One (tampering with evidence) of the information. In exchange for Pollard's guilty pleas, the State agreed to dismiss Count Two (possession of cocaine) of the indictment and to not make a sentencing recommendation. During the plea colloquy, the trial court advised Pollard that each third-degree felony charge carried a potential prison term of nine to 36 months. The trial court then accepted Pollard's guilty pleas, found him guilty, and ordered a presentence investigation.

{¶4} On September 4, 2025, the trial court reconvened to advise Pollard that the domestic-violence charge carried a potential prison term of 12 to 60 months, with a presumption in favor of prison. The trial court then conducted a plea colloquy and Pollard signed an amended negotiated-plea agreement. The trial court accepted Pollard's guilty pleas and found him guilty.

{¶5} On October 23, 2025, the trial court sentenced Pollard to 24 months in prison for domestic violence and 12 months in prison for tampering with evidence. The trial court ordered that the prison terms be served consecutively, for an aggregate term of 36 months.

{¶6} On November 17, 2025, Pollard filed a notice of appeal. He raises a single assignment of error for our review.

### Assignment of Error

**Appellant's guilty plea was not entered knowingly, intelligently, or voluntarily because the trial court failed to advise during the plea colloquy that a jury verdict of guilty must be unanimous.**

{¶7} In his sole assignment of error, Pollard argues that he did not knowingly, voluntarily, and intelligently enter his guilty pleas since the trial court failed to inform him that a jury verdict—should he have proceeded to a jury trial—would need to be unanimous.

*Standard of Review*

{¶8} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 2015-Ohio-926, ¶ 9 (3d Dist.). "'"Failure on any of

those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.""" *State v. Montgomery*, 2014-Ohio-1789, ¶ 10 (3d Dist.), quoting *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶9} In order for a plea to be knowing, voluntary, and intelligent, the trial court must comply with the provisions of Crim.R. 11(C). Relevant to this appeal, Crim.R. 11(C)(2)(c) states:

> (2) In felony cases the court . . . shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following:
>
> . . .
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *Montgomery* at ¶ 11. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31.

*Analysis*

**{¶11}** In this case, the trial court was required to inform Pollard during the plea colloquy that he was waiving his right to a jury trial, and it did so. Specifically, the trial court told Pollard, "[Y]ou're giving up your right to a jury trial. To have twelve (12) members of the public come in, hear the evidence and decide whether you're guilty or not; by pleading guilty, you give up that right. Do you understand that?" (Sept. 4, 2024 Tr. at 12). Pollard responded, "Yes, Your Honor." (*Id.*). The trial court then summarized the trial process for Pollard and informed him of the other constitutional rights he would be waiving by pleading guilty—to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. After explaining each constitutional right he would be waiving by pleading guilty, the trial court asked Pollard if he understood and he responded, "Yes, Your Honor." (*Id.* at 13-14).

**{¶12}** On appeal, Pollard argues that his guilty pleas were entered unknowingly and unintelligently because the trial court failed to advise him that a jury verdict must be unanimous. According to Pollard, "[w]ithout being informed that a unanimous verdict is required and the defense only needs to persuade one juror, no defendant could adequately understand the prosecution's burden or the contours of the jury trial right they are giving up, thereby making any resulting guilty plea necessarily unknowing and unintelligent." (Appellant's Brief at 5).

{¶13} In support of this argument, Pollard cites to the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S. 83 (2020). In *Ramos*, the Supreme Court noted that Louisiana and Oregon were the only two states that continued to convict criminal defendants with nonunanimous jury verdicts. *Id.* at 87. The Supreme Court held that the Sixth Amendment right to a jury trial, as applied to the states through the Fourteenth Amendment, required a unanimous verdict to convict a defendant of a serious offense in state court. *Id.* at 93. In light of the holding in *Ramos*, Pollard requests that we address the issue of "whether a trial court must inform a defendant of the constitutional right to a unanimous verdict during a plea colloquy." (Appellant's Brief at 4).

{¶14} We note that other Ohio appellate districts have addressed this exact issue and have determined that "[t]he *Ramos* decision did not recognize a new constitutional right for criminal defendants in Ohio[.]" *State v. Scott,* 2021-Ohio-2676, ¶ 18 (8th Dist.). *Accord State v. Robinson,* 2023-Ohio-825, ¶ 14 (5th Dist.) (stating that the *Ramos* decision did nothing to alter the right to be convicted by a unanimous jury verdict in Ohio). As explained by the Eighth District Court of Appeals in *Scott*:

> Ohio has long recognized that a nonunanimous jury verdict is unconstitutional and void. *Work v. State,* 2 Ohio St. 296, 296 (1853). Work had been charged with assault and battery and convicted by a jury of six men in probate court. The Ohio Supreme Court found that the legislation regulating the practice of probate courts was unconstitutional and void because it provided for a jury of six. *Id.* The court went [on] to find that because the right to a trial by jury is

so fundamental, "the number of jurors cannot be diminished, or a verdict authorized short of a unanimous concurrence of all the jurors." *Id.* at 306. In 1933, the Ohio Supreme Court affirmed this court's decision finding a Cuyahoga County rule allowing for juries of six unconstitutional. *Cleveland R. Co. v. Halliday,* 127 Ohio St. 278, 282, 188 N.E. 1 (1933). Decades later, in July 1973, Crim.R. 23 went into effect, creating a uniform statewide rule that "[i]n felony cases juries shall consist of twelve." Crim.R. 23(B).

The *Ramos* decision explicitly recognized Ohio's long history of requiring unanimity, noting that the Ohio Supreme Court in *Work* referred to unanimity as "one of 'the essential and distinguishing features of the trial by jury [. . .].'" *Ramos* at [136 (Thomas, J., concurring)], quoting *Work* [at 306]. Further, this right is explicitly protected in Crim.R. 31(A) and implicitly protected in the Ohio Constitution. Thus, the *Ramos* decision did not recognize a new constitutional right for criminal defendants in Ohio like Scott. Further, neither Crim.R. 11(C) nor *Ramos* impose an obligation on courts to inform a defendant about the exact contours of a jury trial.

*Scott* at ¶ 17-18. *See State v. Martin*, 2024-Ohio-2408, ¶ 20 (4th Dist.) (noting that "Crim.R. 11 contains no explicit requirement that a defendant be informed of the right to a unanimous verdict"); *State v. Akins*, 2024-Ohio-598, ¶ 12 (2d Dist.) (stating that "Crim.R. 11(C)(2)(c) does not require a trial court to inform a defendant during his plea colloquy of his right to a unanimous jury verdict.").

{¶15} We agree with the reasoning set forth in *Scott* and conclude that the trial court was not required to inform Pollard during the plea colloquy that a jury verdict would need to be unanimous to convict him. Therefore, we cannot conclude on this record before us that Pollard's guilty pleas were less than knowing, intelligent, and voluntary.

{¶16} Pollard's sole assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and WALDICK, J.J., concur.**

Case No. 1-25-68

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.   The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.

William R. Zimmerman, Judge

Mark C. Miller, Judge

Juergen A. Waldick, Judge

DATED:
/hls